# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-cv-00463-FDW

| | |
|---|---|
| THE CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )      **ORDER**<br>)<br>) |
| FACILITY WIZARD SOFTWARE, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

THIS MATTER comes now before the Court upon Defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative to transfer (Doc. No. 4). Plaintiff has responded in opposition, (Doc. No. 7), Defendant has replied (Doc. No. 9), and this matter is now ripe for review. Defendant's Motion to Dismiss is DENIED, but its alternative Motion to Transfer is GRANTED.

The Court is of the opinion that this matter is governed by the "first-filed," or "first to file," rule. The Fourth Circuit has recognized the first-filed rule, which "giv[es] priority to the first suit absent showing of a balance of convenience in favor of the second." Learning Network, Inc. v. Discovery Communications, Inc., No. 01-1202, 2001 WL 627618, at *3 (4th Cir. June 7, 2001). As explained by the Fifth Circuit,

> The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted). The rule applies when "related cases have been filed in different districts," dictating that an action filed first take precedence over any subsequently filed and sufficiently related action. Id.

This case, despite several superficial differences, revolves around the same common nucleus of operative fact as an action previously filed in the United States District for the Northern District of Illinois.[1] In both cases, the fact finder will be asked to determine whether the software program, Projecto, along with its subsequent improvements and evolutions, belongs solely to Defendant, or whether it incorporates the confidential information and work product of Plaintiff and/or its wholly-owned subsidiary, Capital Project System Services ("CPSS"), such that Plaintiff and/or CPSS have some degree of interest in that program. For two district courts to supervise what promises to be lengthy and complicated discovery and subsequent trial proceedings would be the epitome of judicial waste. The first-filed rule exists "to 'promote efficient use of judicial resources' and it 'should be applied in a manner serving sound judicial administration.'" United States v. Brick, No. 87-7310, 1988 WL 33796, at *1 (4th Cir. April 11, 1988) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985)).

In transferring this case to the Northern District of Illinois, the Court wishes to make clear that it does not lightly disturb the forum-selection clause agreed to by the parties, but must do so for two reasons. First, Defendant has agreed to two forum-selection clauses, one in its agreement with Plaintiff, designating this Court, and another in its agreement with CPSS, Plaintiff's wholly-owned subsidiary, designating the Northern District of Illinois. One of these clauses must be set aside in

---

[1] Facility Wizard Software, Inc. v. Capital Project System Services, LLC, No. 1:08-cv-05382 (N.D. Ill.) (filed September 19, 2008).

order to pursue a singular resolution of the related issues presented by both cases. Second, the interests of justice in this case, namely judicial economy and consistency of results, demand that the first-filed rule be followed and that the case be transferred. See Byerson v. Equifax Information Services, LLC 467 F. Supp. 2d 627 (E.D. Va. 2006) ("Most prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments."); Pike Elec. Corp. v. Graham, No. CV06-0757, 2006 U.S. Dist. LEXIS 95142, at *5-8 (W.D. La. Nov. 14, 2006) (holding that convenience of litigating in the first forum, where the related case "ar[o]se out of the same transactions and occurrences and involve[s] the same witnesses and/or parties," outweighed the forum-selection clause). Cf. Mind-Peace, Inc. v. Pharmacon Int'l Inc., 2006 U.S. Dist. LEXIS 71309, at *7-9 (S.D. Ohio Oct. 2, 2006) ("In this matter, the factors [of convenience, public interest, and private interest] weigh heavily in Plaintiff's favor so as to justify avoiding the forum clause.") It is for these reasons that the Court will transfer this action, forum-selection clause notwithstanding.

Accordingly, Defendant's Motion to Dismiss is DENIED, but its alternative Motion to Transfer is GRANTED. This action is hereby transferred to the United States District for the Northern District of Illinois, where that court may order the alignment of the two related cases as it sees fit.

IT IS SO ORDERED.                     Signed: December 3, 2008

Frank D. Whitney
United States District Judge